IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY THOMAS CLARK,

          Petitioner,             No. CIV S-08-2949 LKK DAD P

    vs.

MIKE MARTEL,

          Respondent.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 4, 2009, the undersigned ordered respondent to file and serve a response to the petition.  On May 4, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the motion and respondent has filed a reply.

**BACKGROUND**

        On March 18, 1999, a Sacramento County Superior Court jury convicted petitioner of first degree murder.  The jury also found that petitioner personally used a firearm in the commission of that crime.  The trial court sentenced petitioner to an indeterminate term of twenty-five years to life in state prison and an additional four year term for the use of the firearm.

On August 22, 2001, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction.  On October 31, 2001, the California Supreme Court denied review.  (Pet. at 2-3; Resp't's Lodged Docs. 1-4.)

Petitioner subsequently filed three petitions for writ of habeas corpus in state court.  On October 4, 2007, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on December 4, 2007.  On February 29, 2008, petitioner filed a habeas petition in the California Court of Appeal for the Third Appellate District which was denied on March 13, 2008.  Finally, on May 17, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on October 28, 2008.  (Resp't's Lodged Docs. 5-10.)

On November 28, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent has moved to dismiss the federal habeas petition as time-barred.  Specifically, respondent argues that on October 31, 2001, the California Supreme Court denied petitioner's petition for review, causing petitioner's judgment of conviction to become "final" on January 29, 2002, after the time for filing a petition for writ of certiorari expired.  Respondent argues that the one-year statute of limitations for filing a federal habeas petition began to run for petitioner the following day, on January 30, 2002, and expired one year later on January 29, 2003.  (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the applicable one-year statute of limitations period.  Respondent notes, however, that each of the state habeas petitions filed by petitioner were submitted after the statute of limitations for the filing of a federal petition had expired.  Respondent argues that petitioner's filings after the statute of limitations expired do not

1  restart the statute of limitations clock at zero nor do they otherwise save petitioner's claims from

2  being time-barred.  (Resp't's Mot. to Dismiss at 3-4.)

3          Moreover, respondent contends that petitioner's first and third state habeas

4  petitions were not properly filed and cannot serve to toll the federal statute of limitations in any

5  event.  Specifically, according to respondent, the Sacramento County Superior Court and the

6  California Supreme Court denied the petitions filed in those courts as untimely.  In addition,

7  respondent contends that the California Court of Appeal denied petitioner's second petition

8  without comment.  Respondent argues that this court must "look through" that decision to the

9  Sacramento County Superior Court's decision and presume that the California Court of Appeal

10  did not disregard the Superior Court's finding of untimeliness.  In this regard, respondent

11  contends that even petitioner's second state habeas petition was also not properly filed and

12  cannot serve to toll the statute of limitations for the filing of a federal habeas petition.  (Resp't's

13  Mot. to Dismiss at 4.)

14  II.  Petitioner's Opposition

15          In opposition to respondent's motion to dismiss, petitioner argues that the

16  AEDPA statute of limitations does not apply to his case.  Petitioner appears to claim that his case

17  falls within the narrow "miscarriage of justice" exception to the statute of limitations because he

18  is raising a sentencing issue that resulted in an illegal sentence being imposed in his case.

19  Specifically, petitioner explains that the accusatory pleading in his underlying criminal case did

20  not allege deliberation or premeditation in connection with the murder charge brought against

21  him.  Nor, according to petitioner, did it specify the degree of the murder charged.  In this regard,

22  petitioner appears to claim that he was not charged with first degree murder and should not have

23  been sentenced for committing first degree murder.  Rather, petitioner maintains that he was

24  convicted of second degree murder as alleged in the accusatory pleading and found by the jury.

25  Petitioner clarifies that in his federal petition he is not "challenging his complete innocence but,

26  rather, his degree of culpability."  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-7.)

3

III.  Respondent's Reply

             In reply, respondent argues that neither the Supreme Court nor the Ninth Circuit has ever found that the "fundamental miscarriage of justice" exception announced in Schlup v. Delo, 513 U.S. 298 (1995) is applicable to the AEDPA statute of limitations.  Moreover, even if an actual innocence claim could be presented in an untimely petition, respondent argues that petitioner fails to cite any U.S. Supreme Court precedent holding that the Schlup actual innocence exception is applicable to sentencing in noncapital cases.  In fact, according to respondent, the Supreme Court expressly left open the question of whether the exception applies to noncapital sentencing error.  Finally, respondent points to the Sacramento County Superior Court's decision denying petitioner's petition for writ of habeas corpus.  Therein, the Superior Court rejected petitioner's sentencing error claim as meritless, stating "the signed verdict form showed that the jury in fact convicted Petitioner of 'murder in the first degree' as charged in count 1," thereby refuting petitioner's claim that the jury convicted him of no more than second degree murder.  (Resp't's Reply at 2-3.)

**ANALYSIS**

I.  The AEDPA Statute of Limitations

             On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

1      initially recognized by the Supreme Court, if the right has been
2      newly recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or

3              (D) the date on which the factual predicate of the claim or
4      claims presented could have been discovered through the exercise
       of due diligence.

5          (2) The time during which a properly filed application for State
6      post-conviction or other collateral review with respect to the
       pertinent judgment or claim is pending shall not be counted toward
7      any period of limitation under this subsection.

8      The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

9      after the statute was enacted and therefore applies to the petition now pending before the court in

10     this case.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

11     II.  Application of § 2244(d)(1)(A)

12             As noted above, on March 18, 1999, a Sacramento County Superior Court jury

13     convicted petitioner of first degree murder and found that petitioner personally used a firearm in

14     the commission of that crime.  The trial court sentenced petitioner to an indeterminate term of

15     twenty-five years to life in state prison with a four year enhancement for use of the firearm.  On

16     August 22, 2001, the California Court of Appeal for the Third Appellate District affirmed the

17     judgment of conviction.  On October 31, 2001, the California Supreme Court denied review.

18             For purposes of federal habeas review, petitioner's conviction therefore became

19     final on January 29, 2002, ninety days after the California Supreme Court denied his petition for

20     review.  See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d

21     1157, 1158-59 (9th Cir. 1999).  The AEDPA statute of limitations period for petitioner's filing of

22     a federal habeas petition began to run the following day, on January 30, 2002, and expired one

23     year later on January 29, 2003.  Petitioner did not file his federal habeas petition until on

24     November 28, 2008.  Accordingly, petitioner's federal petition for writ of habeas corpus is

25     untimely unless he is entitled to the benefit of tolling.

26     /////

5

III.  Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed three petitions for writ of habeas corpus in state court. However, petitioner did not file his first petition until October 4, 2007, long after the statute of limitations had expired.  It is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, petitioner is not entitled to statutory tolling based upon the filing of his state petitions and his federal petition, filed on November 28, 2008, was filed more than five-and- a- half years after the statute of limitations for doing so had expired.

IV.  Actual Innocence Claim

Neither the United States Supreme Court nor the Ninth Circuit has squarely addressed whether a habeas petitioner's demonstration of probable innocence may excuse his noncompliaice with the AEDPA statute of limitations.  See Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2006) (declining to answer whether "surviving the rigors of this gateway [under Schlup] has the consequence of overriding AEDPA's one-year statute of limitation").  However, at least one district court in California has held that such a demonstration may excuse a habeas petitioner's

6

untimeliness.  See Lisker v. Knowles, 463 F. Supp. 2d 1008, 1032 (C.D. Cal. 2006).  See also Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008) ("fundamental miscarriage of justice" exception does not excuse an untimely habeas petition where a petitioner concedes his guilt).  In this case, even assuming that the AEDPA statute of limitations is subject to a "fundamental miscarriage of justice" exception, petitioner has not met his burden of showing the requisite "actual innocence."

A petitioner's claim of actual innocence must be supported "with new reliable untimely evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  Schlup, 513 U.S. at 324. The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 327).  See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc).

Here, petitioner has offered no new evidence in support of his challenge to his first degree murder conviction.  Rather, he merely argues that the state was required to allege deliberation and premeditation or specify the degree of murder in the accusatory pleading. Contrary to petitioner's claim, however, the state's allegation of "malice aforethought" murder appears sufficient.  See, e.g., People v. Kipp, 26 Cal.4th 1100, 1131 (2001).  In addition, the jury submitted a verdict form convicting petitioner of "Murder in the First Degree."  (Pet. Ex. A p. 29.)  In this regard, petitioner has not satisfied the Schlup standard.  See, e.g., Martinez v. Clark, No. CV 09-2031 SGL (RNB), 2009 WL 1788402 at *5 (C.D. Cal. June 23, 2009) (in the few cases habeas petitioners have been able to meet the Schlup standard, the "new evidence" consisted of "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining

1     that he had framed the petitioner, and/or evidence contradicting the very premise of the

2     prosecutor's case against the petitioner.").

3            Moreover, although petitioner appears to argue that he is actually innocent of first

4     degree murder, he concedes that he is guilty of second degree murder.  Insofar as petitioner is

5     claiming legal innocence or innocence as a result of legal error, he fails to raise a cognizable

6     claim within the meaning of the "actual innocence" exception under Schlup.  See Gandarela v.

7     Johnson, 286 F.3d 1080, 1085 (9th Cir. 2002) ("The required evidence must create a colorable

8     claim of actual innocence, that the petitioner 'is innocent of the charge for which he [is]

9     incarcerated,' as opposed to legal innocence as a result of legal error."); Burleson v. Cal. Dep't of

10    Corrs. & Rehab., No. C 08-01853 SBA (PR), 2009 WL 2941516 (N.D. Cal. Sept. 10, 2009)

11    (petitioner's claim that he was innocent of murder and should have instead been convicted of

12    voluntary manslaughter was a legal innocence claim and not a proper "actual innocence" claim

13    under Schlup).

14           For the reasons discussed above, respondent's motion to dismiss should be

15    granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with

16    prejudice.

17                     **CONCLUSION**

18           IT IS HEREBY RECOMMENDED that:

19           1.  Respondent's May 4, 2009 motion to dismiss (Doc. No. 14) be granted; and

20           2.  This action be closed.

21           These findings and recommendations are submitted to the United States District

22    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

23    days after being served with these findings and recommendations, any party may file written

24    objections with the court and serve a copy on all parties.  Such a document should be captioned

25    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26    shall be served and filed within ten days after service of the objections.  The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: October 26, 2009.

DAD:9
clar2949.157

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE